USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/12/06

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GHANA SHYAM RAJBHANDARI,

        Plaintiff,

-against-

VISHWA P. SHAH,

        Defendant.

No. 02 Civ. 8778 (LTS)(KNF)

Copies mailed Pltf. + Def. counsel
Chambers of Judge Swain    1/11/06

## MEMORANDUM ORDER

Plaintiff Ghana Shyam Rajbhandari ("Plaintiff") brings this action for damages, alleging fraud, conversion and breach of contract. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332(a)(2). Defendant Shah moves this Court for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the complaint for failure to state a claim and because Plaintiff's claims are barred by the applicable statutes of limitations, or, in the alternative, an order pursuant to Federal Rule of Civil Procedure 8(a) dismissing the first count of the complaint for failure to demonstrate Plaintiff's entitlement to relief, and an order pursuant to Federal Rule of Civil Procedure 9(b) dismissing Plaintiff's fraud claims for failure to set forth the circumstances of the alleged fraud with the requisite particularity.

For the following reasons, Defendant's motion to dismiss is granted as to Plaintiff's first cause of action, and Plaintiff is granted leave to replead that claim. Plaintiff's second, third, fourth and sixth causes of action are dismissed with prejudice as time-barred, to the extent they sound in conversion. Defendant's motion to dismiss on statute of limitations grounds

Plaintiff's second, third, fourth, and fifth causes of action, to the extent they sound in contract, is denied. Defendant's motion to dismiss Plaintiff's post-1996 breach of contract claims on statute of limitations grounds is also denied. Defendant's motion to dismiss the Complaint is denied to the extent it is directed to Plaintiff's claim based on the Note. Defendant's motion to dismiss Plaintiff's fraud claims is granted with leave to replead. Defendant's motion to dismiss Plaintiff's claims for travel expenses, lost income and collection costs is granted as to all such costs predating the December 1999 Note, and denied as to such costs postdating that Note. Defendant's motion to dismiss Plaintiff's claims for consequential damages is granted in part and denied in part.

## BACKGROUND

The following facts, alleged in the Complaint, are taken as true for purposes of the Court's consideration of the instant motions. Plaintiff, a Nepalese citizen who resides in Moscow, visited the United States from March 12, 1996, through March 30, 1996, and decided to make an investment in computer-related stocks. Plaintiff was referred to Defendant, who was a businessman who resided in New York City,[1] was well established in the Nepalese community in

---

[1] Neither the Complaint, which alleges that Defendant "is a resident of the city, county and state of New York," nor the parties' papers on the instant motion make it clear that the exercise of diversity jurisdiction is authorized in this case by 28 U.S.C. § 1332, which grants the district courts jurisdiction of, inter alia, certain disputes between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C.A. § 1332(a)(2). Aliens admitted to the United States for permanent residence are deemed citizens of their State of domicile for this purpose. Defendant is hereby directed to file, no later than two weeks from this order, an affidavit stating whether (1) he is a citizen of the United States and, if he is not, (2) whether he has been granted permanent resident status in the United States.

the United States, and enjoyed high status in Nepal.

After Plaintiff and Defendant met, Plaintiff asked about investing in computer-related stocks in the United States, particularly in Microsoft or IBM stock, and Defendant assured Plaintiff that he would assist Plaintiff in acquiring stock. On or about May 1, 1996, Defendant sought to have the Plaintiff and one of his colleagues invest in a "leveraged" investment program with an investment of one million dollars. Between June 17, 1996, and June 30, 1996, Plaintiff came to the United States, opened bank accounts at Citibank and Fleet Bank with the Defendant's assistance, and sought information about establishing a corporation to handle Plaintiff's investment. Defendant offered the Plaintiff an offshore company known as Greystone Investments Limited ("Greystone"), and the Plaintiff paid six hundred fifty dollars ($650.00) for that company. (Verified Complaint ("Compl.") ¶¶ 7-14.)

Defendant then sent the Plaintiff faxes seeking an investment of $100,000.00. On July 9, 1996, Plaintiff wired $100,000.00 to his Citibank account from Singapore Bank for the purchase of stock in a company that had been offered to him by the Defendant, the Curtis Mathes Holding Corporation. The source of these funds was a loan at 5% interest per month, secured by real property owned by the Plaintiff in Moscow, Russia. (Id. ¶¶ 16-20.)

On August 5, 1996, Plaintiff received his Citibank statement and became aware that the Defendant had taken the $100,000.00 from Plaintiff's account, but that the money was not used to purchase Curtis Mathes Holding Corporation stock but was instead applied to Defendant's account in Summit Insurance Company. "Plaintiff questioned the Defendant about the endorsement to Defendant's account in Summit Insurance Company and Defendant explained that he put the money into his account in Summit Insurance Company to buy stock for Plaintiff

when there was another good opportunity." (Id. ¶¶ 21-22.) Plaintiff instructed Defendant to "use the money for MicroSoft (sic) or IBM stocks." (Id. ¶ 23.) Plaintiff met with the Defendant following Plaintiff's return to the United States on October 7, 1996. Defendant assured Plaintiff that there was "no problem" as a result of Defendant's failure to purchase stock in the Curtis Mathes Holding Corporation, and that the Defendant would invest the funds Plaintiff had already advanced in Microsoft or IBM stocks pursuant to Defendant's offer of such an investment "for a period of forty-five days with a return of 15% to 20%." Plaintiff agreed to the investment of the funds advanced in Microsoft or IBM stocks but told Defendant that, if he was unable to acquire those stocks due to a legal bar to alien investments, Defendant should return the money he had taken from Plaintiff's account. (Id. ¶¶ 24-27).

In October 1996, Defendant told Plaintiff that he could not return all of the money, as it was no longer available. Plaintiff explained that he had acquired the $100,000.00 through a loan, and Defendant told Plaintiff that Plaintiff's interest on his Russian loan was "not a problem" as Defendant "could pay Plaintiff's interest on the $100,000.00 loan that Plaintiff had taken out and would also pay Plaintiff 2% per month, which would generate a profit for Plaintiff." (Id. ¶ 29.) Plaintiff returned to Moscow on November 7, 1996, believing that Defendant would invest his money in Microsoft or IBM stock promptly and that, should any delay occur, Defendant would cover the loan interest cost and pay Plaintiff an additional 2% per month. (Id. ¶¶ 27-30.)

Between November 7, 1996 and December 30, 1999, Defendant sent various communications to the Plaintiff "indicating monies held by various corporations in various accounts and repeatedly assuring the Plaintiff that his funds were safe." (Id. ¶ 31). On or about

December 30, 1999, Defendant wrote to Plaintiff and stated that he would pay Plaintiff $250,000.00 in four installments (the "Note") during the year 2000. The Note recites that it is in consideration of "value received," which is identified in a footnote as "$100,000 in 1996, July 18th . . . less $twenty thousand ($20,000) in 1997, March 20th." (Exh. 4 to Compl.) Exhibit 4 to the Complaint also includes an April 23, 1999 note purporting to confirm that Rabjhandari "will be paid the sum of US $250,000 . . . on July 18th, 1999." (Id.) Both notes call for payment "in person and only to payee." Defendant has not repaid the original investment nor the sums promised on December 30, 1999.

## DISCUSSION

### Rule 12(b)(6)

In evaluating a motion to dismiss a complaint, the Court is obliged to take as true the facts as alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). The court must not dismiss the action unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000).

### Statute of Limitations Issues

*Conversion Claim*

In the complaint, Plaintiff asserts that he became aware by August 5, 1996, that

Defendant had removed $100,000.00 from Plaintiff's bank account and had not invested the money in accordance with the parties' plan. See Compl. ¶ 21. Defendant argues that Plaintiff's conversion claims in the second, third, fourth and sixth causes of action should be dismissed because they are time-barred.

The statute of limitations for the tort of conversion in New York State is three years. See N.Y.C.P.L.R. § 214(3) (McKinney 2005). In an action for conversion, "accrual runs from the date the conversion takes place . . . and not from the discovery or the exercise of diligence to discovery . . .." Vigilant Ins. Co. of America v. Housing Auth. of the City of El Paso, 87 N.Y.2d 36, 44 (1995). The three-year statute of limitation applicable to Plaintiff's conversion claim thus expired on August 5, 1999. Because Plaintiff did not file this suit until November of 2002, Plaintiff's claim of conversion is barred by the three-year statute of limitations. Plaintiff's second, third, fourth and sixth causes of action are therefore dismissed, with prejudice, to the extent they sound in conversion.

*Contract Claims*

Defendant argues that Plaintiff's claims in the second through fifth causes of action should also be dismissed on statute of limitations grounds to the extent they sound in contract. In New York, breach of contract claims are governed by a six-year statute of limitations. See N.Y.C.P.L.R. § 213(2). The Complaint, which is not a model of clarity, appears to assert at least two possible contract claims – one based on failure to effect Plaintiff's October 1996 direction to invest in Microsoft or IBM stock and one based on failure to pay in accordance with the 1999 Note. The former claim is timely to the extent it is premised on failure to make the

investment in the last quarter of 1996, as Plaintiff commenced this action in November of 2002, and thus commenced it within 6 years of the date of the contract breach (which, based on Plaintiff's allegations, would have occurred at the end of the last quarter, or December 31, of 1996). Defendant's motion to dismiss Plaintiff's second, third, fourth, and fifth causes of action on statute of limitations grounds is therefore denied as to this claim.

Plaintiff also alleges that he agreed, sometime between October of 1996 and November of 1996, to a somewhat more relaxed or amorphous investment schedule in conjunction with Defendant's promise to cover Plaintiff's interest obligations on the Russian loan and pay Plaintiff an additional 2% per month in interest. (Compl. ¶¶ 29-30.) He further alleges that, from November 1996 to December 1999, Defendant assured Plaintiff that his funds were safe. It is not clear from the Complaint when the investments were to be made or how and when payments in connection with the loan service obligations were to be made. Plaintiff's breach of contract action in this respect is not time barred on the face of the Complaint, and Defendant's motion to dismiss Plaintiff's breach of contract claims, relating to failure to make investments after 1996, on statute of limitations grounds, is denied.

Defendant's motion to dismiss the second through fifth causes of action on statute of limitations grounds is denied to the extent those claims relate to Defendant's alleged failure to make investments in accordance with Plaintiff's directions after 1996. The motion to dismiss those counts is also denied to the extent that those causes of action are based on Defendant's failure to fulfill the alleged 1999 promises to pay Plaintiff $250,00.00 plus interest.

*December 1999 Note- Usury Argument*

    Defendant construes the December 1999 Note as an interest-bearing instrument providing for the accumulation of $170,000.00 in interest on $80,000.00 over a period of less than a year, and argues on that basis that the Note is usurious on its face and that any claims seeking to enforce that Note, or to collect the debt that it purports to evidence, are not legally cognizable and should be dismissed. Defendant asserts that the Note is void pursuant to §§ 5-501 and 5-511 of the New York General Obligations Law because it provides for interest in excess of the 16% annual rate set by § 14-a of the New York Banking Law.

    Defendant's argument is, however, inconsistent with Plaintiff's version of the facts, which must be taken as true for purposes of this motion practice. Nowhere in the Complaint does Plaintiff allege that he made a loan to Defendant. Rather, Plaintiff alleges that he gave Defendant certain monies for investment and incurred expenses and consequential damages on account of Defendant's failure to make the agreed investments. Plaintiff further alleges that the Note constituted an acknowledgment of, and a promise to pay $250,000.00 on account of, Defendant's obligations to Plaintiff arising from those transactions. Defendant's argument is also inconsistent with the face of the instrument, which recites the receipt of consideration in 1996, rather than on the date the note was given.

    At this stage of the litigation, it cannot be said that there is no set of facts that Plaintiff can prove in support of his claim based on the Note. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u> 355 U.S. at 45-46. Accordingly, Defendant's motion to dismiss the Complaint is denied to the extent it is

directed to Plaintiff's claim based on the Note.

*Sufficiency of Breach of Contract Claim regarding Stock Investments*

Defendant also attacks Plaintiff's contract claims regarding the failure to invest in Microsoft or IBM stock on the grounds that Plaintiff's pleading in this regard fails to state a claim upon which relief may be granted. Plaintiff claims in his second and fifth causes of action that Defendant breached an alleged agreement to invest $100,000.00 of Plaintiff's funds in Microsoft and IBM stock. Defendant argues that the alleged contract is unenforceable because it is vague and indefinite and because the complaint fails to state a claim (as the promise was gratuitous and without consideration).

In order to succeed on a breach of contract claim under New York law, a plaintiff must demonstrate: (1) the existence of a valid agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages. Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996).

In the Complaint, Plaintiff alleges that he made the $100,000.00 investment at Defendant's behest and that he instructed Defendant to invest the specific sum of money in the stock of two entities. The papers attached to the Complaint include at least one reference to payment of expenses incurred by Defendant in connection with investments. (See Exh. 2 to Complaint.) Plaintiff further alleges that his investment funds were not repaid. Because it does not appear "beyond doubt" that Plaintiff could prove a set of facts in support of this claim, Plaintiff has met the Conley v. Gibson pleading standard and Defendant's motion to dismiss Plaintiff's breach of contract claim concerning the Microsoft and IBM investment strategy is

therefore denied.

*Fraud Claim*

Defendant moves to dismiss Plaintiff's sixth cause of action (which refers in ¶ 69 to a scheme to defraud Plaintiff), and any other elements of the complaint sounding in fraud, for failure to plead the cause of action with the requisite particularity. Under New York law, to maintain a claim for intentional misrepresentation or fraud, Plaintiff will have to prove (1) that Defendant made a misrepresentation (2) as to material fact (3) that was false, (4) and known to be false by Defendant, (5) that was made for purpose of inducing Plaintiff's reliance, (6) that Plaintiff reasonably relied on it, (7) in ignorance of its falsity, (8) to Plaintiff's injury. Philips Credit Corp. v. Regent Health Group, Inc., 953 F. Supp. 482, 520 (S.D.N.Y. 1997) (citing Murray v. Xerox Corp., 811 F.2d 118, 121 (2d Cir. 1987) and Brown v. Lockwood, 432 N.Y.S.2d 186, 193 (N.Y. App. Div.1980)). Defendant argues that Plaintiff's fraud claims are predicated on statements of future intention, which are not actionable as fraudulent (fraud claims "'cannot be predicated upon statements which are promissory in nature at the time they are made and which relate to future actions or conduct,' because '[m]ere unfulfilled promissory statements as to what will be done in the future are not actionable.'") See Philips Credit Corp., 953 F. Supp. at 520 (citations omitted). Statements of future intention are actionable as fraudulent, however, where they are false when made and are intended to induce another into entering into a contract. Id. Defendant also argues that Plaintiff does not allege that he relied on false statements but merely that he relied on "Defendant's reputation."

Here, although the Complaint can be read to suggest that Plaintiff asserts that

Defendant made false representations that he would invest Plaintiff's money and that Plaintiff reasonably relied on these misrepresentations to his detriment, it fails clearly to plead a cause of action for fraud and to do so with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. To satisfy the particularity requirement of Rule 9(b), Plaintiff must adequately specify the statements he claims were false or misleading, give particulars as to the respect in which he contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements. See Goldman v. Belden, 754 F.2d 1059, 1069-70 (2d Cir.1985). Plaintiff's complaint alleges unfulfilled promises and pleads financial damages, but does not identify the allegedly fraudulent statements with the particularity required by Rule 9(b) and fails to provide sufficient as to how the statements were fraudulent and when and where they were made and makes no allegations regarding Defendant's intent. Thus, because Plaintiff has failed to comply with Rule 9(b), Defendant's motion to dismiss Plaintiff's fraud claims is granted. The Complaint is dismissed, with leave to replead, to the extent it asserts a claim of fraud.

Claims for Consequential Damages, including Travel and Other Collection Costs

In Plaintiff's third, fourth, and sixth causes of action, he seeks to recover travel expenses incurred in seeking to collect on the Note, lost income during periods of travel to the United States in connection with such collection efforts, and damages consequent to his apparent default on the Russian loan and loss of the underlying mortgaged property.

Defendant correctly asserts that litigation costs, including collection costs, are not ordinarily recoverable in lawsuits in the United States, and that damages for failure to pay

monetary obligations are generally limited to principal and interest. Plaintiff has identified no basis for his claims for reimbursement for travel in connection with his efforts to invest with Defendant or to recoup the monies deposited with Defendant other than a provision in the December 1999 Note for payment of the sums purportedly due under that instrument in person only. However, only two of his travel claims relate to the period following the alleged delivery of that Note. One claim is for a period commencing 2-1/2 months prior to the date of the Note and ending two weeks after the first payment date recited in the note; the other is for a period in 2002. As to these claims for periods postdating that note, it cannot be said at this point that Plaintiff would not be able to provide that he was induced to stay in, or come to, New York by false representations of intent to pay him in New York; those claims thus survive Defendants' Rule 12(b)(6) challenge. Defendant's motion to dismiss Plaintiff's claims for travel expenses, lost income and collection costs is, however, granted as to claims for any such costs predating the December 1999 Note.

Plaintiff has, however, met the Rule 12(b)(6) standard in his claims for certain consequential damages in connection with the Russian loan. Although the Complaint does not allege that the loan was taken out at the behest of, or even with notice to, Defendant, Plaintiff alleges that Defendant assured him that Defendant would pay Plaintiff's interest on the loan and that Plaintiff intended to use the money Defendant was to return to him to pay off the loan. (Compl. ¶¶ 29 and 53). Taken as true, if Plaintiff relied on Defendant's promise to pay the interest on the loan or to timely return the money and therefore incurred interest expenses and ultimately lost the property securing the loan, it can not be said that Plaintiff can prove no set of facts in support of this claim that would entitle him to relief. Therefore, Defendant's motion to

dismiss Plaintiff's claims for damages in connection with the Russian loan is denied.


First Cause of Action- Sufficiency of Pleadings

Plaintiff's first cause of action relates to his alleged payment of $650.00 to Defendant for "an offshore company known as Greystone Investments Limited." (Compl. ¶ 14.) Plaintiff alleges that Defendant "used" the corporation and "involved [it] in transactions which Plaintiff was not privy to," without Plaintiff's permission, and that "as a result of Defendant's use of the Greystone Investments Limited corporation, the Plaintiff was unable to use this corporation for his business transactions and as a result, the Plaintiff was damaged in the amount of $650.00." (Compl. §§ 35-37.) Defendant argues that Plaintiff's first cause of action should be dismissed because Plaintiff does not provide notice as to whether it sounds in breach of contract or tort, and that it fails to satisfy the requirement of Federal Rule of Civil Procedure 8(a)(2) that the plaintiff supply "a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Under Rule 8, a plaintiff must disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Ricciuti v. New York Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991). "Dismissal [] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Here, if Plaintiff's first cause of action has true substance, it is indeed disguised. It is insufficient to identify the nature of the alleged wrong and Plaintiff's entitlement to relief. Accordingly, Defendant's motion to dismiss the first cause of action will be granted, with leave to replead.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted as to Plaintiff's first cause of action, and Plaintiff is granted leave to replead this claim. Plaintiff's second, third, fourth and sixth causes of action are dismissed with prejudice as time-barred, to the extent they sound in conversion. Defendant's motion to dismiss on statute of limitations grounds Plaintiff's second, third, fourth, and fifth causes of action, to the extent they sound in contract, is denied. Defendant's motion to dismiss Plaintiff's post-1996 breach of contract claims on statute of limitations grounds is also denied. Defendant's motion to dismiss the Complaint is denied to the extent it is directed to Plaintiff's claim based on the Note. Defendant's motion to dismiss Plaintiff's fraud claims is granted. Defendant's motion to dismiss Plaintiff's claims for travel expenses, lost income and collection costs is granted as to all such costs predating the December 1999 Note, and denied as to such costs postdating that Note. Defendant's motion to dismiss Plaintiff's claims for consequential damages is granted in part and denied in part.

Plaintiff shall file and serve any amended complaint by February 17, 2006, with a courtesy copy to Chambers. If no such amended pleading is timely filed and served, Plaintiff's first cause of action and his fraud claims will be dismissed without prejudice and without further advance notice.

Defendant is directed to file, no later than two weeks from this order, an affidavit stating whether (1) he is a citizen of the United States and, if he is not, (2) whether he has been granted permanent resident status in the United States.

SO ORDERED.

Dated: New York, New York
January 11, 2006

LAURA TAYLOR SWAIN
United States District Judge.